Richard C. ALBRIGHT, for himself and for and on behalf of all other persons similarly situated, Plaintiffs,

v.

Gloria Marshall BERGENDAHL et al., Defendants.

Civ. No. C 74–135.

United States District Court, D. Utah.

Sept. 5, 1974.

Adam M. Duncan, Salt Lake City, Utah, for plaintiffs.

Kevin J. Quinn, Beverly Hills, Cal., Thomas A. Quinn, Salt Lake City, Utah, Bruce W. Owens, Los Angeles, Cal., for defendants.

## MEMORANDUM DECISION

RITTER, Chief Judge.

The Motion of Plaintiff and the Class for Summary Judgment was heard by the Court on August 22, 1974. Counsel for all parties were heard and their arguments duly considered. The Court has before it the uncontroverted Affidavit in Support of Motion for Summary Judgment of the Plaintiff, dated July 19, 1974 and the various attachments and exhibits to that Affidavit, the SEC S-14 Registration of Gloria Marshall, Inc. and a certified copy of the Articles of Incorporation, amendments and related filings of International Service Industries, Inc.

The Court finds from two proxy statements mailed through the United States Mails in 1974 to the plaintiff and the class, that the transaction outlined in those statements constituted the "purchase" or "sale" of a security, namely, the Common Stock of defendant International Service Industries, Inc.,

within the language, meaning and intent of Rule .10b-5, 17 CFR 240.10b-5; that defendants Gloria Marshall Bergendahl, Allan Bergendahl and Sidney H. Craig caused to be formed in early 1974, a new California corporation, *viz.*, Body Contour, Inc.; that these defendants, with the substantial assistance of defendant Touche Ross & Co., caused defendant International Service Industries, Inc. to be merged with and into defendant Body Contour, Inc. in April, 1974. The Court further finds that this merger was a "freeze out" wherein defendants Gloria Marshall Bergendahl, Allan Bergendahl and Sidney H. Craig were to receive capital stock of Body Contour, Inc. while the public stockholders of International Service Industries, Inc. were to receive 18 cents per share cash only, with no opportunity to receive Body Contour, Inc. stock as the said defendants granted to themselves. The Court holds that such a transaction, under these facts and these circumstances, constituted a "device, scheme or artifice to defraud" or an "act, practice or course of business which operates or would operate as a fraud or deceit" upon the public minority stockholders of International Service Industries, Inc. On this holding, the Court finds the reasoning of Judge O'Kelley of the North District of Georgia in Bryan v. Brock & Blevins Co., 343 F.Supp. 1062 at 1068–70 (1972) and of the Court of Appeals for the Fifth Circuit in Bryan v. Brock & Blevins Co., 490 F.2d 563 at 569 (1974) persuasive on this point. The Court further holds that such conduct constitutes a breach of their fiduciary duties of these defendants to the public minority stockholders of International Service Industries, Inc. On this holding, the Court finds the reasoning of the United States Supreme Court, Mr. Justice Douglas speaking for a unanimous Court, in the 1939 case of Pepper v. Litton, 308 U.S. 295, at 306–12, 60 S.Ct. 238, 84 L.Ed. 281, compelling and appropriate to the case at bar. (Both the District Court decision and the Court of Appeals decision in the *Bryan* case quote and rely on Pepper v.

Litton: 343 F.Supp. at 1068, 490 F.2d at 570.)

■■ Defendants' counsel contended that summary judgment should not be entered if a single genuine issue of fact remained unresolved or in dispute. The Court concurred with that reading of Rule 56. The Court invited defendants' counsel to advise the Court of any genuine issue of fact remaining for disposition. Counsel for defendants advised the Court that one such issue remained, *viz.*, whether the merger of International Service Industries, Inc. with and into Body Contour, Inc. served a "legitimate corporate purpose". The Court is of the opinion that, given the facts and the circumstances, and, in particular, the absolute dominance and control of these defendants of and over International Service Industries, Inc. and the duties to these defendants (see Pepper v. Litton, supra, 308 U.S. at 311, 60 S.Ct. 238, 84 L.Ed. 281) the plaintiff does not have the duty of negativing a "legitimate corporate purpose". If and to the extent that the Court of Appeals' decision in *Bryan, supra*, differs from that of the District Court in *Bryan, supra*, on this point, the Court agrees with the District Court's interpretation. However, the Court finds that the sole purpose of the merger of International Service Industries, Inc. with and into Body Contour, Inc. was stated succinctly by these defendants themselves on page 2 of the "Supplemental Proxy Statement" dated March 29, 1974 (Exhibit B to Plaintiff's Affidavit dated July 19, 1974) under the heading of "Reasons for the Merger":

"It is the belief of the Board of Directors that International Service Industries, Inc. is not a viable vehicle for the publicly held stock."

The Court finds that the reason or reasons stated by these defendants for the merger of International Service Industries, Inc. with and into Body Contour, Inc., under these facts and these circumstances, does not constitute a "legitimate corporate purpose" but is manifestly an

indirect attempt to accomplish what could not directly be accomplished lawfully, *viz.*, the "freezing out" of the public minority stockholders. The Court, for the reasons and on the grounds stated above, holds that the plaintiff is entitled to an order of this Court voiding the merger of International Service Industries, Inc., with and into Body Contour, Inc.; for such damages, by reason of that merger, as shall hereafter be established and for the award of attorneys fees and costs as shall hereafter be determined.

The Court retains and reserves jurisdiction to consider class action processing, notice to class and the remedy or remedies to be hereafter fashioned by the Court to achieve the effective enforcement of the applicable federal securities laws and the duties of corporate fiduciaries in this action.